## James S. Baldwin & another *vs.* James Standish.

An executor's bond, approved by the judge of probate, in which the sureties are each bound in half the sum in which the principal is bound, is not for that cause void, but is binding on the obligors, and sufficient to give effect to the executor's appointment, and to render his acts as such valid; but it seems that this court, on an appeal from the decree of the judge of probate, approving a bond in that form, would not countenance such a departure from the usual course of proceeding.

Dewey, J. This is a bill in equity, praying this court to compel the defendant to a specific performance of an agreement for the purchase of a certain parcel of land sold by

auction by the plaintiffs, as executors of Isaac M'Lellan, under authority of the judge of probate, ordering a sale for the payment of debts.   The bill sets forth in detail the probate of the will, the appointment of the plaintiffs as executors, and the manner of their giving bond as such.   The defendant demurs to the bill, and the only objection relied upon to sustain the demurrer is a supposed defect in the authority of the executors, arising from their not having executed a proper bond to the judge of probate.   The form of the bond given was, that the executors were bound in the penal sum of $60,000, with two sureties, each of whom was bound in the penal sum of $30,000; and it is insisted, that the form of the bond was irregular, so much so as to render nugatory all the acts of the executors, and in truth that they had no legal capacity to act as executors.   The Rev. Sts. *c.* 63, § 2, provide that "every executor, before entering upon the execution of his trust, shall give bond with sufficient surety or sureties, in such sum as the judge of probate shall order." Does this provision require that the sureties should be, each and all of them, bound in the same sum as the principals? If this question had arisen upon an appeal from a decree of the judge of probate, allowing and approving an executor's bond in such form, we should be strongly inclined to the opinion, that it was a departure from the usual course of proceeding, which ought not to be introduced.   There would be great practical difficulties in conducting a suit upon such a bond against principal and surety jointly, where the principal is bound in one penal sum and the surety in a different sum; and as no necessity can ordinarily exist for making a distinction of this kind, and taking a bond with many sureties, whose aggregate liability is the same as that of the principal, we think it should be avoided.

But while we hold this opinion, we are also satisfied that this bond is not to be considered a nullity.   It is a bond given in the sum required by the judge of probate, and the bond, after being executed in the form in which it now is, was formally examined and approved by the judge of probate, and ordered to be recorded in the probate office.   The executors thereupon received

their formal letters, under the hand of the judge of probate, as executors, and have acted as such under them. The bond in this form is not void, and would be binding on the obligors; and being accepted and approved by the judge of probate, it was sufficient to give effect to his appointment of the plaintiffs as executors, and to render their acts valid. They might therefore, as such executors, be authorized to make sale of real estate of their testator to pay debts due from him, and a sale thus made by them is not the less a valid sale, by reason of the bond having been given in the form above stated, in the penal sum of $60,000 for the principal, and $30,000 each for the two sureties. The sale was therefore a good one, and the plaintiffs are competent to convey the land thus sold under the authority of the judge of probate.

The result is, therefore, that the defendant is bound to perform the contract of purchase, and to receive the deed of the lands from the plaintiff, and to pay for the same.

*Demurrer overruled.*

*G. W. Phillips*, for the plaintiffs.
*E. Dexter*, for the defendant.